1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  | SURESH ESWARAN, | Case No.  2:25-cv-1003-TLN-JDP (PS) |

12  | Plaintiff, | |

13  | v. | ORDER |

14  | GAVIN NEWSOM, *et al.*, | |

15  | Defendants. | |

16

17      Plaintiff, proceeding without counsel, brings this action against defendants California

18  Governor Gavin Newsom, California Department of Corrections and Rehabilitation, and the

19  Secretary of CDCR.[1]  His complaint cannot proceed as articulated.  I will dismiss the complaint

20  and give plaintiff a chance to amend his complaint before recommending dismissal of the case.  I

21  will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the

22  showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

23                    **Screening and Pleading Requirements**

24      A federal court must screen the complaint of any claimant seeking permission to proceed

25  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27  _____

28      [1] Plaintiff has filed a request to communicate with the court via email.  ECF No. 3.  That
    request is denied.

                                   1

1    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2    relief. *Id.*

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12    n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                              **Analysis**

21        The complaint, while somewhat difficult to follow, due in part to its 240-page length,

22    discusses plaintiff's "sole-source contract" with CDCR to create a specialized rehabilitation

23    program. ECF No. 1 at 1-2.  Plaintiff claims that defendants Newsom, CDCR, and CDCR's

24    Secretary terminated the contract without cause and in violation of his constitutional rights.  *Id.* at

25    2. Plaintiff asserts that the termination has caused him financial and social harm and has

26    obstructed necessary reform within CDCR.  *Id.*  Plaintiff also alleges that CDCR experienced a

27    data system breach in 2022, which was proceeded by an increase in website activity from China.

28    *Id.* at 3.  Additionally, he alleges that CDCR misappropriated billions of dollars from inmates'

1    COVID relief payments. *Id.*

2          The complaint seeks declaratory relief affirming the unlawful termination of plaintiff's

3    contract, an injunction to reinstate his contract, an investigation by U.S. Department of Homeland

4    Security into CDCR's mismanagement and security failures, recognition of the Constitution and

5    public safety crisis in California's correctional system, renaming CDCR to California Department

6    of Cognitive Rehabilitation, $1.9 billion dollars in compensatory damages, and formal

7    recognition of declaration of time. *Id.* at 3-6.

8          Plaintiff does not name proper defendants. To sustain a 42 U.S.C. § 1983 claim, a

9    plaintiff must show that he suffered a violation of rights protected by the Constitution or created

10   by federal statute, and that the violation was proximately caused by a person acting under color of

11   state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418,

12   1420 (9th Cir. 1991). States and state agencies are not "persons" who can be sued under § 1983.

13   *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Likewise, state officials are not "persons" under

14   § 1983 when they are sued for monetary damages in their official capacities. *See Will v. Mich.*

15   *Dep't of State Police*, 491 U.S. 58, 71 (1989).

16         Further, plaintiff's contention that the *Ex parte Young* exception does not apply to his

17   claims is incorrect. *Id.* at 7. Under *Ex parte Young*, 209 U.S. 123 (1908), a suit challenging the

18   legality under federal law of a state official's action in enforcing state law is not a suit against the

19   State, and thus is not subject to state sovereign immunity. *Id.* at 159-160. *Ex parte Young* relief

20   is limited to actions seeking prospective relief against state officials in their official capacities;

21   actions for retroactive relief against state officers sued in their official capacity are regarded as

22   actions against the State itself for Eleventh Amendment purposes. *Edelman v. Jordan*, 415 U.S.

23   651 (1974).

24         The complaint is dismissed for the reasons stated above. I will allow plaintiff a chance to

25   amend his complaint before recommending that this action be dismissed. Plaintiff should take

26   care to add specific factual allegations against each defendant and to better organize his

27   complaint. If plaintiff decides to file an amended complaint, the amended complaint will

28   supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)

(en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:    April 23, 2025                            _____

                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

4