UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURESH ESWARAN, | Case No. 2:25-cv-1003-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, *et al.*, | |
| Defendants. | |

Suresh Eswaran ("plaintiff") alleges that defendants violated his free speech and due process rights after he was denied a state contract. ECF No. 5 at 2-3. I find that the amended complaint fails to state a cognizable claim. I will dismiss it and offer plaintiff one final opportunity to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

1   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8   n.2 (9th Cir. 2006) (en banc) (citations omitted).

9   The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17  Plaintiff alleges that he designed a rehabilitation program for prisoners and, beginning in
18  November 2021, engaged in negotiations with leadership at the California Department of
19  Corrections and Rehabilitation ("CDCR").  ECF No. 5 at 3-4.  He claims that he reached "a
20  mutually explicit understanding" with CDCR leadership, but that the contract was never signed.
21  *Id.* at 4.  Before the contract was signed and finalized, Governor Newsom removed CDCR leaders
22  with whom plaintiff had negotiated because of a data breach.  *Id.*  Plaintiff's program went
23  unadopted after the leadership change.  *Id.*

24  In July and August 2023, plaintiff appeared before the state personnel board to advocate
25  for his program.  He alleges that defendants Radcliffe and Westly cut his microphone to prevent
26  him from speaking during a public comment period.  *Id.* at 5.  He vaguely alleges that other
27  business and media opportunities, including an appearance by a guest on his podcast, fell through
28  in 2024.  *Id.*  Finally, he alleges that California Highway Patrol officers visited his family's home

2

and attempted to "negatively influence" him through his parents. *Id.*

These allegations do not give rise to constitutional claims. Whatever positive signals may have been given during negotiations, plaintiff's program was never actually adopted and the state's decision to pursue a different program did not deprive him of any property or federally entitled process. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."). And plaintiff's First Amendment claims also fail. To succeed on a First Amendment retaliation claim, plaintiff must show "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1174 (9th Cir. 2022). His allegations do not make this showing. The muting of plaintiff's microphone taken as true and standing alone, does not show that he was prevented from advocating for his position in front of the personnel board. And, as to any claim of censorship, there is no allegation that his comments were not recorded into the public record or that the board members could not hear his advocacy without the microphone.

Plaintiff's other claims regarding lost business opportunities, reluctant podcast guests, and a visit to his family's home by law enforcement officers, are too vague and poorly connected to his other claims to proceed past screening.

I will dismiss the complaint with leave to amend so that plaintiff may have one opportunity to attempt to remedy these deficiencies. His amended complaint will supersede its predecessor entirely. The amended complaint should be entitled "Second Amended Complaint." This will be his final opportunity to amend.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 5, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be

dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4