UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURESH ESWARAN,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>    Defendants. | Case No.  2:25-cv-1003-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Suresh Eswaran ("plaintiff") alleges that defendants violated his free speech and due process rights after he was denied a state contract. ECF No. 7 at 2-4. After review of the amended complaint, I find that plaintiff's First Amendment censorship claim against defendant Radcliffe is suitable to proceed past screening. All other claims, however, are non-cognizable and should be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As in his initial complaint, plaintiff alleges that he designed a rehabilitation program for prisoners and engaged in negotiations with leadership at the California Department of Corrections and Rehabilitation ("CDCR") to implement it. ECF No. 7 at 3. He claims that a deal was nearly finalized but, before it was signed, a change in leadership at the CDCR terminated the negotiation process and the program was never adopted. *Id.* As I explained in my previous screening order, plaintiff has no property right in a state contract that was never adopted. A claimant cannot seek enforcement or damages from a party that he himself admits never agreed to terms. Nor is there any law supporting the notion that, in nearly obtaining a state contract, a plaintiff establishes some property right or federally entitled process. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) ("To establish a substantive due process claim, a plaintiff must, as a threshold

2

1  matter, show a government deprivation of life, liberty, or property."). The frivolity of this claim
2  is highlighted by the extraordinarily large amount of damages plaintiff seeks in recompense: 1.9
3  billion dollars. ECF No. 7 at 3.
4        Similarly, plaintiff's retaliation claims are non-cognizable. As best I can tell, he alleges
5  that Governor Newsom retaliated against him because of his public criticism of California's
6  correctional policies. *Id.* He claims that the California Highway Patrol ("CHP") is a paramilitary
7  organization that sent officers to intimidate him and to convince his family that he needed
8  psychiatric care. *Id.* at 3-4. Plaintiff does not allege how he knows that Governor Newsom
9  directed these actions, or how the governor became aware of his advocacy. Moreover, the details
10  of his encounters with the CHP are vague, offering almost nothing in the way of context. For
11  instance, he alleges that CHP officers visited his family's home and attempted to dissuade him
12  from attending a California judicial council meeting.[1] *Id.* Plaintiff does not specifically allege
13  what was said or done to dissuade him from attending the meeting. And his claim that Newsom
14  was behind the attempt at dissuasion is based on pure conjecture. He claims that only Newsom
15  had the "unique constitutional authority" to compel the CHP or CDCR to retaliate against him.
16  *Id.* at 5. Plaintiff also alleges that he knows that the governor was "consciously aware" of his
17  advocacy because he connected with him on a social media platform. *Id.* Federal pleading
18  standards are not demanding, but they demand more than conjecture, unsupported by any alleged
19  detail. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 592 (9th Cir. 2014) (mere conjecture does not
20  satisfy Rule 8(a)). Given that plaintiff twice been permitted to amend his complaint, I find that
21  granting further opportunities to amend his deficient claims would be futile. *See Schucker v.*
22  *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se
23  complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
24  the complaint could not be cured by amendment.") (internal quotation marks and citations
25  omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th

---

[1] In a separate instance of alleged "retaliation," plaintiff alleges that a podcasting agreement with a corporate executive abruptly fell through. ECF No. 7 at 3. Governor Newsom's alleged involvement in this event is not even cursorily alleged.

Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

By contrast, plaintiff's First Amendment claim that defendant Radcliffe prevented him from speaking at a public hearing for the California State Personnel Board is, for purposes of screening, cognizable. Plaintiff alleges that Radcliffe interfered with his microphone and prevented his comments from being entered into the record. These allegations, liberally construed, are sufficient to state a First Amendment claim against this defendant. I note that plaintiff also brings this claim against Westly but, other than being present at the meeting, he does not allege that she had any involvement in his censorship. Accordingly, I find that this claim should proceed only against defendant Radcliffe.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff be allowed to proceed with the second amended complaint's First Amendment censorship claim against defendant Fredrick Radcliffe.

2. Plaintiff's remaining claims be dismissed without leave to amend.

3. If these recommendations are adopted, the matter be referred back to me so that service my be initiated for defendant Radcliffe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __June 23, 2025__   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE